## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MARY BROWN, ANDY VELAZQUEZ, and
WILLIAM MIDGETT, on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO., A P&C DOMESTIC
MUTUAL; VERISK ANALYTICS, INC.; and
INSURANCE SERVICES OFFICE, INC., a
corporation,

Defendants.

Case No. 1:23-cv-06065

Honorable LaShonda A. Hunt

AMENDED CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs, MARY BROWN, ANDY VELAZQUEZ, and WILLIAM MIDGETT (hereinafter "Plaintiffs"), on behalf of themselves and other similarly situated individuals, by and through their undersigned counsel, bring this Class Action Complaint against Defendants, STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. (hereinafter "State Farm"), VERISK ANALYTICS, INC. (hereinafter "Verisk"), and INSURANCE SERVICES OFFICE, INC. (hereinafter "ISO") (collectively, "Defendants"), for violations of their right to privacy under Illinois state law as follows:

### NEED FOR RELIEF

1.      The Illinois Constitution guarantees that the people of the State of Illinois shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable invasions of privacy. Ill. Const. Art. I, § 6.

2.      As the Illinois Supreme Court has determined, this zone of personal privacy is stated broadly and without limitation and includes the confidentiality of personal medical information, that

"is, without question, at the core of what society regards as a fundamental component of individual privacy."

3.      The present case addresses data collection practices that contravene principles of privacy and ownership of personal information by taking advantage of unwitting people without recompense and is designed to stop the wholesale gathering and sale of private and privileged information in violation of the laws of Illinois.

## PARTIES

### Plaintiffs

4.      Plaintiff Mary Brown is a natural person and citizen of Cook County, Illinois. Plaintiff is and was at all times relevant hereto a resident of Chicago, Cook County, Illinois.

5.      Plaintiff Andy Velazquez is a natural person and citizen of Cook County, Illinois. Plaintiff is and was at all times relevant hereto a resident of Chicago, Cook County, Illinois.

6.      Plaintiff William Midgett is a natural person and citizen of Cook County, Illinois. Plaintiff is and was at all times relevant hereto a resident of Calumet City, Cook County, Illinois.

### Defendants

7.      Defendant State Farm is a property & casualty domestic mutual incorporated in and existing under the laws of the State of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710. State Farm is the number one automobile insurer in the United States.

8.      Defendant ISO[1] is a corporation incorporated in and existing under the laws of the State of Delaware, with its principal place of business located at 545 Washington Blvd., Jersey City, NJ 07310.

---

[1] ISO has evolved substantially since its inception. ISO was created in 1971 when several rating bureaus consolidated and formed a non-profit association of insurers. In 1993, ISO reorganized into a for-profit

a. ISO is an association of insurance companies that gathers claim-related information from insurers and then processes and analyzes that information in its database to provide subscribing insurers, among others, with collected statistical, actuarial, underwriting, and claims information for use in underwriting and pricing policies.

b. ISO is a subsidiary of Verisk, is licensed to do business in the State of Illinois, and does business in Cook County, and nationwide.

9. Defendant Verisk is a corporation incorporated in and existing under the laws of the State of Delaware, with its principal place of business located at 545 Washington Blvd., Jersey City, NJ 07310.

a. Verisk is a strategic data analytics and technology partner to the global insurance industry. It claims to use its data to assist clients in strengthening operating efficiency, improve underwriting and claims outcomes, combat fraud, and make informed decisions about global risks.

b. Verisk is the parent company of ISO, is licensed to do business in the State of Illinois, and does business in Cook County, and nationwide.

10. ISO/Verisk and State Farm are not "affiliates" as that term is defined in 215 ILCS 5/1003(B). That is, neither entity "directly, or indirectly through one or more intermediaries, controls, is controlled by or is under common control with" the other. Thus, neither ISO nor Verisk is an "affiliate" of State Farm for purposes of 215 ILCS 5/1014(L) or any other legal or regulatory provisions applicable in this context.

---

[1]independent corporation. In 2008, it created a new company called Verisk. ISO went public the following year and became a wholly-owned subsidiary of Verisk. As a subsidiary of a public company, ISO is no longer controlled by insurers.

**JURISDICTION AND VENUE**

11.     This Court has personal jurisdiction over Defendants, consistent with the United States Constitution and 735 ILCS 5/2-209 (Illinois' "long arm" statute), as Plaintiffs' claims arise out of Defendants' transaction of business and tortious acts within the state of Illinois.

12.     This Court has subject matter jurisdiction under the Class Action Fairness Act, pursuant to 28 U.S.C. § 1332.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the United States District Court for the Northern District of Illinois is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**STATEMENT OF FACTS**

14.     Article XL of the Illinois Insurance Code is intended to establish standards for the collection, use and disclosure of information gathered in connection with insurance transactions by insurance institutions, agents or insurance-support organizations. It balances the need for information by those conducting the business of insurance with the public's need for fairness in insurance information practices, including the need to minimize intrusiveness.

15.     It also serves to limit the disclosure of information collected in connection with insurance transactions.

16.     Article XL of the Illinois Insurance Code articulates statutory requirements that entities must follow when receiving personal medical information.

17.     Under Article XL, it is a violation of the law for an insurance institution, agent or insurance-support organization to disclose any personal or privileged information about an individual collected or received in connection with an insurance transaction except under limited circumstances.

18.     Disclosure is only permitted if it is reasonably necessary (1) to detect or prevent criminal activity, fraud, material misrepresentation or material nondisclosure in connection with

insurance transactions is permitted; or (2) for either the disclosing or receiving insurance institution, agent or insurance-support organization to perform its function in connection with an insurance transaction involving the individual.

19.     In other words, if State Farm, as an insurer, or if ISO or Verisk, acting as an insurance support organization, discloses to a third party any more personal or privileged information than is absolutely necessary to effectuate the purposes of the statute, they violate Article XL.

20.     Similarly, Illinois common law broadly protects against unreasonable invasions into zones of personal privacy. This zone of personal privacy extends to healthcare and medical records.

21.     It is an unreasonable invasion of privacy for an insurance company or insurance support organization to wholesale exchange claimants' personal medical information to a third party without limiting the information to that which is relevant to a certain claim.

22.     But instead of complying with Article XL and Illinois common law, Defendants simply disclose all the information they have information about an individual, which is more than is reasonably necessary. Such a disclosure of claimants' medical records constitutes a violation of Article XL and an unreasonable invasion of privacy.

23.     Here is how it works. When an individual involved in an automobile accident submits a claim for personal injuries to State Farm, State Farm routinely requests and reviews medical records, some of which may have nothing to do with the accident, and which necessarily includes personal or privileged health information, to evaluate the claim and the alleged injuries.

24.     At the conclusion of the litigation or proceeding for which the personal or privileged health information is requested, rather than returning or destroying the records containing a claimant's personal or privileged health information, State Farm retains and uses the claims data, which includes a claimant's health information, for developing rates and underwriting.

25.     Under this scheme, if an insured's medical records containing personal or privileged health information are provided to State Farm, the insured's entire set of medical records is disclosed to Verisk/ISO.

26.     Likewise, if State Farm is provided the medical records of a third-party claimant that is injured by a State Farm insured, the third-party claimant's entire set of medical records is disclosed to Verisk/ISO.

27.     As detailed above, insurers, like State Farm, routinely submit reports to Verisk/ISO containing individual claimants' personal or privileged health information.

28.     Verisk/ISO compiles the personal information contained in the reports and maintains it in a database. Verisk/ISO analyzes its database of claimants' personal or privileged health information and other confidential information to create products and services which it subsequently sells back to its subscribers, including participating insurers, third-party claim administrators, self-insureds, governmental agencies and other third parties unrelated to the claimant.[2]

29.     In essence, detailed personal or privileged health information provided to State Farm to evaluate, litigate, or settle a claim could end up in the hands any Verisk/ISO -participating organization.

30.     Pursuant to 215 ILCS 5/1014, it is a violation of the law for an insurance institution, agent or insurance-support organization to disclose any personal or privileged information about an individual collected or received in connection with an insurance transaction except in limited, limiting, circumstances.

31.     Pursuant to 215 ILCS 5/1014(C), disclosure is only permitted if it is reasonably necessary (1) to detect or prevent criminal activity, fraud, material misrepresentation or material

---

[2] Affidavit of Carlos Martins Para. 2, 5, *Shull v. Ellis*, No. 15 L 9759.

nondisclosure in connection with insurance transactions is permitted; or (2) for either the disclosing or receiving insurance institution, agent or insurance-support organization to perform its function in connection with an insurance transaction involving the individual.

32. Disclosure that is not reasonably necessary to achieve the goals of 215 ILCS 5/1014(C) constitutes a violation of the Illinois Insurance Code.

33. Whether disclosure of certain information is reasonably necessary is a question of fact.

34. A claimant's entire set of medical records is not reasonably necessary to achieve the goals of 215 ILCS 5/1014(C). Yet, in violation of Article XL, State Farm and Verisk/ISO disclose, use, and profit off claimants' personal or privileged health information.

35. Specifically, rather than transferring to Verisk/ISO only the personal or privileged health information that is reasonably necessary to achieve the goals of 215 ILCS 5/1014(C), State Farm submits the entire file to Verisk/ISO, in violation of Article XL.

36. Likewise, Verisk/ISO sells information not reasonably necessary to achieve the goals of 215 ILCS 5/1014(C) to other insurers in violation of Article XL. Verisk/ISO helps subscribers use this data to assess the profitability of each type of insurance. Specifically, the information helps underwriters decide if they should sell a person an auto policy and at what premium

37. State Farm violates Article XL when it discloses the personal or privileged health information it receives from claimants to Verisk/ISO for collection and harvesting in a manner that is not reasonably necessary to achieve the aforementioned goals.

38. Article XL also applies to Verisk/ISO when they act as an insurance support organization. Verisk/ISO violates Article XL by collecting and harvesting personal medical information from third parties to build a massive database of individuals' health information and then sharing the information with its customers. Verisk/ISO's actions are not reasonably necessary to achieve the aforementioned goals.

39. Moreover, when Verisk/ISO sells this data to companies, governmental agencies, and other third parties, it acts as a data broker rather than as an insurance support organization. This conduct is outside the scope of the Illinois Insurance Code.

40. In addition to violating Article XL, Defendants' disclosure of claimants' entire sets of medical records as a matter of course is unreasonable.

41. Defendants had a duty of care to refrain from disclosing Plaintiffs' and Class members' entire set of medical records, the contents of which are not relevant nor necessary to Defendants' goals.

42. Defendants failed to do so here when they disclosed, used, and misused Plaintiffs' and Class members' entire set of medical records, as detailed above. Defendants continue to fail to meet the standard of care, and their conduct is ongoing.

43. In total, State Farm, along with other insurers, have annually provided Verisk/ISO with approximately three billion detailed premiums and loss records, and to date, Verisk/ISO has a database that contains more than 32 billion records.[3]

44. Verisk/ISO's collection and processing of personal information generates billions of dollars annually, all at the expense of people whose personal medical information is being used without their knowledge for financial gain.

45. The sizeable profits Verisk/ISO derives from individually identifiable health information is unsurprising given the resale value of someone's electronic health record "could be

---

[3] *Verisk Grows Premium and Loss Database for Third Consecutive Year*, VERISK NEWSROOM (Apr. 5, 2023), https://www.verisk.com/newsroom/verisk-grows-premium-and-loss-database-for-third-consecutive-year/ (last accessed July 11, 2023).

worth hundreds or even thousands of dollars."[4] The value is in the abundance of exploitable information contained in an individual's health records.

46.    In violation of Plaintiffs' right to privacy, Defendants have created a symbiotic relationship where Verisk/ISO runs a business processing massive amounts of premiums and loss data provided by insurers, including State Farm, and State Farm relies on Verisk/ISO's analysis of this data to raise premiums and deny coverage to individuals.

## NAMED PLAINTIFF ALLEGATIONS

47.    Plaintiff Mary Brown, while residing in Illinois, was injured in an accident involving a motorist insured by State Farm and provided State Farm with personal or privileged health information for the limited purpose of evaluating, litigating or settling her claim.

48.    Plaintiff Andy Velazquez, while residing in Illinois, was injured in an accident involving a motorist insured by State Farm and provided State Farm with personal or privileged health information for the limited purpose of evaluating, litigating or settling his claim.

49.    Plaintiff William Midgett, while residing in Illinois and insured by State Farm, was injured in an accident involving another motorist insured by State Farm whose liability policy limits did not cover the full extent of Plaintiff's injuries and other accident-related losses. Plaintiff provided State Farm with personal or privileged health information for the limited purpose of evaluating, litigating or settling his claim under the other motorist's State Farm policy as well as his underinsured motorist claim under his own State Farm policy.

---

[4] Mariya Yao, *Your Electronic Medical Records Could Be Worth $1000 To Hackers*, FORBES (Apr. 14, 2017, 10:05 PM), https://www.forbes.com/sites/mariyayao/2017/04/14/your-electronic-medical-records-can-be-worth-1000-to-hackers/?sh=2c78ed0f50cf.

## DISCOVERY RULE, TOLLING AND CONCEALMENT

50.     The statutes of limitations applicable to Plaintiffs' and Class members' claims are tolled as a result of Defendants' knowing and active concealment of their conduct alleged herein and Plaintiffs' and Class members' delayed discovery of their claims.

51.     Plaintiffs and Class members had neither actual nor constructive knowledge of the facts constituting their claims for relief. They did not discover, nor could they have discovered through the exercise of reasonable care and diligence, Defendants' practices of retaining, using, and sharing their personal or privileged health information until shortly before this litigation commenced.

52.     Plaintiffs and Class members expected and trusted that their personal or privileged health information obtained by State Farm would be kept confidential, and Plaintiffs and Class members were neither aware nor consented to State Farm and its agents using their personal or privileged health information for functions not reasonably necessary to achieve the goals enumerated in 215 ILCS 5/1014(C).

53.     As a result of Defendants' active concealment and omissions, any and all applicable statutes of limitations have been tolled.

## CLASS ACTION ALLEGATIONS

54.     Plaintiffs bring this lawsuit pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) seeking declaratory and injunctive relief and damages on behalf of Plaintiffs and the following state-wide classes of similarly situated individuals (collectively, the "Class" unless otherwise noted):

  a.   **Injunctive Class**: Plaintiffs seek to represent an injunctive class made up of the following subclasses:

    1.   **State Farm and Verisk/ISO Class**: Any person not insured by State Farm who, while residing in Illinois, was injured by a State Farm insured and provided State Farm with personal or privileged

health information to evaluate, litigate, or settle their claim, and State Farm sent it to Verisk/ISO, who processed it and made it available to Verisk/ISO subscribers for a fee, on or after July 19, 2018.

2. **Verisk/ISO Class**: Any resident of Illinois who suffered an injury, while insured by State Farm, and provided State Farm with personal or privileged health information to evaluate, litigate, or settle their claim, and State Farm sent it to Verisk/ISO, who processed it and made it available to Verisk/ISO subscribers for a fee, on or after July 19, 2018.

b. **Damages Class**: Plaintiffs seek to represent a damages class made up of the following subclasses:

1. **State Farm and Verisk/ISO Class**: Any person not insured by State Farm who, while residing in Illinois, was injured by a State Farm insured and provided State Farm with personal or privileged health information to evaluate, litigate, or settle their claim, and State Farm sent it to Verisk/ISO, who processed it and made it available to Verisk/ISO subscribers for a fee, on or after July 19, 2018.

2. **Verisk/ISO Class**: Any resident of Illinois who suffered an injury, while insured by State Farm, and provided State Farm with personal or privileged health information to evaluate, litigate, or settle their claim, and State Farm sent it to Verisk/ISO, who

processed it and made it available to Verisk/ISO subscribers for a fee, on or after July 19, 2018.

55.     If additional information is obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

56.     Specifically excluded from the Class are (i) Defendants; (ii) Defendants' officers, directors, agents, trustees, representatives, employees, principals, servants, partners, and joint-venturers; (iii) any entities controlled by Defendants; (iv) Defendants' heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants, their officers, or their directors; and (v) the judge assigned to this action or any member of that judge's immediate family.

57.     ***Ascertainability.*** Members of the Class are readily ascertainable because the Class is defined using objective criteria, such as geography and specific communications with State Farm, so as to allow prospective members to determine if they are part of the Class.

58.     ***Numerosity.*** The Class is so numerous that individual joinder is impracticable. At a minimum, the Class contains thousands of members. Although the precise number of Class members is unknown to Plaintiffs, the true number of the Class is known by Defendants.

59.     ***Commonality.*** Common questions of law and fact exist and predominate over questions affecting only individual members of the Class. Such questions include:

   a.   Whether Plaintiffs and Class members have a protectable interest in ensuring their personal or privileged health information is not offered for sale to third parties who pay Verisk/ISO for access to their database;

   b.   Whether Defendants violated Illinois law by receiving, sharing, offering for sale and selling personal or privileged health information that was not reasonably necessary to achieve the goals enumerated in 215 ILCS 5/1014(C) to third parties;

    c.    Whether Defendants unjustly profit from the disclosure and inclusion of Plaintiffs' and Class Members' personal or privileged health information in Verisk/ISO's database;

    d.    Whether State Farm wrongfully transferred Plaintiffs' and Class members' personal or privileged health information to Verisk/ISO;

    e.    Whether Plaintiffs and Class members have a right to the disgorgement of profits earned by Defendants through the sale and publication of their personal or privileged health information; and

    f.    Whether Plaintiffs and Class members are entitled to damages from Defendants.

60.    ***Typicality.*** Plaintiffs' claims are typical of those of the other members of the Class, because, among other things, Defendants collected, received, and/or used Class members' personal or privileged health information in violation of Article XL in the exact same manner for each Class member.

61.    ***Adequacy of Representation.*** Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel experienced in complex class actions and intend to vigorously prosecute this case on behalf of the Class. Further, Plaintiffs have no interests that are antagonistic to the Class.

62.    ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. The damages suffered by each individual member of the Class are relatively small compared to the burden and expense required to individually litigate a tort claim against Defendants. Absent a class action, it would thus be impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Individualized litigation also risks inconsistent or contradictory judgments and increases the cost of legal resolution of this matter for all parties and for the court system. By contrast, the proposed class

action presents far fewer management difficulties and offers the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

63.     Plaintiffs and members of the Injunctive Class seek to enjoin actions and/or inactions of Defendants on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief with respect to the class as a whole appropriate.

## COUNT ONE: VIOLATION OF 215 ILCS 5/1014

64.     Plaintiffs, individually and on behalf of the Class, incorporate the foregoing allegations as if fully set forth herein.

65.     Plaintiffs are persons whose rights are violated under Article XL.

66.     Defendants sometimes act as insurance institutions, agents, or insurance-support organizations under Article XL.

67.     Pursuant to 215 ILCS 5/1014, it is a violation of the law for an insurance institution, agent or insurance-support organization to disclose any personal or privileged information about an individual collected or received in connection with an insurance transaction.

68.     Pursuant to 215 ILCS 5/1014(C), disclosure is only permitted if it is reasonably necessary (1) to detect or prevent criminal activity, fraud, material misrepresentation or material nondisclosure in connection with insurance transactions is permitted; or (2) for either the disclosing or receiving insurance institution, agent or insurance-support organization to perform its function in connection with an insurance transaction involving the individual.

69.     Disclosure that is not reasonably necessary to achieve the  goals of 215 ILCS 5/1014(C) constitutes a violation of the Illinois Insurance Code. Whether disclosure of certain information is reasonably necessary is a question of fact.

70.     State Farm was required to refrain from disclosing Plaintiffs' and Class members' personal or privileged health information beyond that which was reasonably necessary to achieve the goals enumerated in 215 ILCS 5/1014(C).

71.     Because Plaintiffs' personal or privileged health information disclosed by State Farm contained information not reasonably necessary to achieve the goals enumerated in 215 ILCS 5/1014(C), this conduct constitutes a violation of Article XL.

72.     Also in violation of the Illinois Insurance Code, Verisk/ISO collects and stores Plaintiffs' personal or privileged health information and maintains it in a database. Verisk/ISO analyzes this database and repackages the data, creating products and services that it sells right back to insurers, including State Farm. These products and services normally have nothing to do with adjusting or litigating the claim of the person whose personal or privileged health information is sold and used. Because such Verisk/ISO's subsequent repackaging and disclosure of Plaintiffs' personal or privileged health information is not reasonably necessary to achieve the goals enumerated in 215 ILCS 5/1014(C), this constitutes a violation of Article XL.

73.     Defendants' transfer, disclosure, offer for sale, and subsequent sale of Plaintiffs' personal or privileged health information caused Plaintiffs to suffer damages. Plaintiffs' suffering is ongoing, as Defendants continue to transfer, disclosure, offer for sale, and sell Plaintiffs' personal or privileged health information.

## COUNT TWO: NEGLIGENCE

74.     Plaintiffs, individually and on behalf of the Class, incorporate the foregoing allegations as if fully set forth herein.

75.     Illinois common law broadly protects against unreasonable invasions into zones of personal privacy. This zone of personal privacy extends to healthcare and medical records.

15

76.    It is an unreasonable invasion of privacy for an insurance company or insurance support organization to wholesale exchange claimants' personal medical information to a third party without limiting the information to that which is relevant to a certain claim.

77.    Defendants had a duty of care to refrain from disclosing Plaintiffs' and Class members' entire set of medical records, the contents of which are not relevant nor necessary to Defendants' goals.

78.    Defendants failed to do so here when they disclosed, used, and misused Plaintiffs' and Class members' entire set of medical records. Defendants continue to fail to meet the standard of care, and their conduct is ongoing.

79.    In addition, when Verisk/ISO sells data containing a claimant's medical records to companies, governmental agencies, and other non-insurance-company third parties, it acts as a data broker rather than as an insurance support organization.

80.    Verisk/ISO's conduct acting as a data broker is outside the scope of the insurance code.

81.    Verisk/ISO acts negligently when it acts as a data broker and sells claimants' data to third parties without their knowledge or consent.

82.    Defendants' disclosure and use of Plaintiffs' and class members' entire sets of medical records constitute an unreasonable invasion of privacy in violation of the standard of care imposed by the law.

83.    Verisk/ISO's transfer, disclosure, offer for sale, and subsequent sale of Plaintiffs' personal or privileged health information caused Plaintiffs to suffer damages.

## COUNT THREE: UNJUST ENRICHMENT

84.    Plaintiffs, individually and on behalf of the Class, incorporate the foregoing allegations as if fully set forth herein.

16

85.     Verisk/ISO has unjustly benefitted from the wrongful disclosure and collection of Plaintiffs' and Class members' personal or privileged health information to build their database, without authorization, which garners billions of dollars.

86.     State Farm unjustly benefits from Verisk/ISO's database comprised of Plaintiffs' and Class members' personal or privileged health information for the purpose of raising premiums and denying policy coverage of individuals.

87.     Plaintiffs and Class members do not consent to Defendants' disclosure, processing or retention of their personal or privileged health information following the resolution of their claim, nor did they have any control over the use of their personal or privileged health information to produce revenue. Therefore, under principles of equity and good conscience, Defendants should not be permitted to retain any money derived from their disclosure, processing, retention or sale of Plaintiffs' and Class members' personal or privileged health information.

88.     Defendants' retention, processing, and sale of the personal or privileged health information to the detriment of Plaintiffs and Class members thus violates the fundamental principles of justice, equity, and good conscience.

89.     No contract exists that would offer relief in this circumstance.

WHEREFORE, Plaintiffs, MARY BROWN, ANDY VELAZQUEZ, and WILLIAM MIDGETT, on behalf of themselves and on behalf of the Class, pray for an Order as follows:

A.  Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Rule 23, and certifying the Class defined herein;

B.  Designating Plaintiffs as representatives of the Class and the undersigned counsel as Class Counsel;

C.  Entering a judgment in favor of Plaintiffs and the Class, and against Defendants;

D.  Enjoining Defendants' illegal, deceptive, and unfair conduct alleged herein;

E.   Awarding Plaintiffs and the Damages Class actual and punitive damages, in addition to reasonable attorney's fees and costs; and

F.   Granting all such further other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

DATED: February 21, 2025                            Respectfully submitted,

                                                    By: *s/Korey A. Nelson*

                                                    Korey A. Nelson (admitted *pro hac vice*)
                                                    Amanda K. Klevorn (admitted *pro hac vice*)
                                                    Claire B. Curwick (admitted *pro hac vice*)
                                                    Natalie R. Earles (to be admitted *pro hac vice*)
                                                    Ellen E. Short (*pro hac vice* pending)
                                                    **BURNS CHAREST LLP**
                                                    201 St. Charles Avenue, Suite 2900
                                                    New Orleans, Louisiana 70170
                                                    T: 504.799.2845
                                                    knelson@burnscharest.com
                                                    aklevorn@burnscharest.com
                                                    ccurwick@burnscharest.com
                                                    nearles@burnscharest.com
                                                    eshort@burnscharest.com

                                                    By: *s/Scott A. Kitner*

                                                    Scott A. Kitner (admitted *pro hac vice*)
                                                    Martin Woodward (admitted *pro hac vice*)
                                                    **KITNER WOODWARD PLLC**
                                                    13101 Preston Road, Suite 110
                                                    Dallas, Texas 75240
                                                    T: 214.443.4300
                                                    martin@kitnerwoodward.com
                                                    scott@kitnerwoodward.com

                                                    By: *s/Daniel S. Kirschner*

                                                    Daniel S. Kirschner
                                                    William T. Gibbs
                                                    **CORBOY & DEMETRIO, P.C.**

33 North Dearborn Street, Suite 2100
Chicago, Illinois 60602
T: 312.346.3191
dsk@corboydemetrio.com
wtg@corboydemetrio.com

By: *s/ Scott E. Smith*

Scott E. Smith (admitted *pro hac vice*)
**SCOTT ELLIOT SMITH, L.P.A.**
5003 Horizons Drive, Suite 101
Columbus, Ohio 43220
T: 614.846.1700
ses@sestriallaw.com

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2025, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

*s/Korey A. Nelson*

Korey A. Nelson (admitted *pro hac vice*)
**BURNS CHAREST LLP**
201 St. Charles Avenue, Suite 2900
New Orleans, Louisiana 70170
T: 504.799.2845
knelson@burnscharest.com

20